IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GEORGE H. DEAN,

      Petitioner,

v.                                        CASE NO. 5:11-cv-386-RS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.
_____/

## O R D E R

      This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Doc. 2, Petitioner's motion for leave to proceed as a pauper.  Petitioner's motion for leave to proceed in forma pauperis is due to be granted, and the Respondent will be directed to file a response to the Petition.

      The response shall be styled as an answer unless a motion to dismiss the petition, in whole or in part, due to a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations is appropriate, in which case such ground shall be asserted by motion.  *See* § 2254 Rule 4 and Advisory Committee Notes (Court may authorize Respondent to address procedural bars by way of a motion to dismiss, "which may avoid burdening the Respondent with the necessity of filing an answer on the substantive merits of the petition."); § 2254 Rule 5(b).  If a motion to dismiss some or all of the claims on a procedural ground is filed, Respondent need not also file an answer *as to the merits of those claims only* until the Court rules on the motion asserting the procedural ground.  *See id*.  Respondent may respond to the merits of the Petition without waiving the exhaustion requirement.  *See* § 2254(b)(2) and §

2254(b)(3).

Petitioner may file a reply to any of Respondent's arguments, including a motion to dismiss, within the time set by this order, but is not required to do so. § 2254 Rule 5(e).

The Court will review the record after the answer (or other motion) and Petitioner's reply (if any) are filed. If it does not appear that a hearing or additional argument is warranted, then the undersigned will make appropriate disposition of the motion or petition. If an evidentiary hearing is warranted and permitted,[1] counsel will be appointed. § 2254 Rule 8.

Accordingly, it is hereby **ORDERED:**

1.    Petitioner's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED.**

2.    The clerk shall serve a copy of the Petition, Doc. 1, and a copy of this order to Respondent and the Attorney General of the State of Florida via regular mail.

3.    Respondent shall file an answer or other pleading on or before **March 5, 2012.** If voluminous exhibits or records (such as transcripts) are submitted in support of the answer, **paper copies shall be provided to the court**.

4.    Petitioner shall have until **April 4, 2012**, to file a reply, if desired.

**DONE AND ORDERED** this 5th day of December 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

---

[1]Section 2254(e)(2) generally bars the court from granting an evidentiary hearing if the Petitioner failed to properly develop the facts in support of his claim in state court. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 n.1 (2007). Even where not barred by the statute, the Court has the discretion to deny a hearing if the record refutes the allegations or otherwise precludes relief. Id. (citations omitted).